UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY L. RECTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18CV1 NCC |
| | ) | |
| DR. RUANNE STAMPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Jerry L. Rector (registration no. 240082), an inmate at Moberly Correctional Center ("MCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $34.31. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $171.58. Accordingly, the Court will assess an initial partial filing fee of $34.31, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff also brings claims under the Americans with Disabilities Act.

Plaintiff has named Dr. Ruanne Stamps, Lisa Pogue (Asst. Deputy Warden and Americans with Disabilities ("ADA") coordinator), Dean Minor (Warden) and Unknown

Correctional Officers at MCC as defendants in this action. Plaintiff sues defendants in their individual and official capacities.

Plaintiff asserts that he was attacked in the yard at MCC on September 8, 2017, by another inmate. Plaintiff claims that the inmate was directed to attack him in order to earn his "stripes" for the Family Values Gang at MCC, or to become a "made person." Plaintiff states that he suffered severe damage to the side of his head, requiring two surgeries and a plate to be placed in his skull, which eventually has to be replaced due to an infection risk. Plaintiff states that he currently has to wear a helmet to protect his head as a result of the accident, and he asserts that he suffers from brain damage, memory loss, attention deficit disorder, as well as other maladies.

Plaintiff brings am Eighth Amendment claim for deliberate indifference to his serious medical needs with regard to the treatment of his brain injury after his surgeries with regard to Dr. Ruanne Stamps. His claims appear to relate to her refusal to provide plaintiff with proper medical care after the surgeries, as well as follow-up care and appropriate rehabilitation services. Plaintiff further asserts that despite his requests, Lisa Pogue, the ADA coordinator at the prison, has denied him medical and rehabilitative services for his brain disorder as a result of his newly acquired disability.

Plaintiff states that the gangs at MCC require that sex offenders, like plaintiff, pay extortion money for protection from physical violence. The gangs refer to this as "pressing." Plaintiff alleges that Warden Dean Minor is aware of the pressing that is occurring at MCC, as well as the fact that sex offenders are susceptible to attacks from the gang members, yet despite his knowledge, he has insisted on placing sex offenders in SIGMA wings in general population with the gang members. Plaintiff claims that the Warden has failed to properly train and supervise the correctional officers at MCC in protecting sex offenders from gang violence in the

prison, in part, because there is a custom at the prison of allowing the gang members to exploit the sex offenders. He states generally, that the Warden has failed to hire the proper number of correctional officers to protect the sex offenders, and that he has failed to properly train and supervise the correctional officers currently on staff so that the sex offenders are properly protected from attacks. Plaintiff also appears to allege that the Warden has given tacit approval to the correctional officers, through an unofficial policy or custom, that it is okay to treat or allow others to treat the sex offenders in a violent manner.

Plaintiff further alleges that Warden Minor has put the inmates like plaintiff at risk because MCC is currently understaffed by more than seventy (70) correctional officers.

Plaintiff seeks monetary damages and injunctive relief in this action.

**Discussion**

The Court will issue process on plaintiff's claim for deliberate indifference to his serious medical needs under the Eighth Amendment against Dr. Stamps in her individual capacity. However, the Court will dismiss plaintiff's claim against Dr. Stamps for deliberate indifference to his serious medical needs in her official capacity.[1]

The Court will issue process on plaintiff's ADA claims against Lisa Pogue in her official capacity, but dismiss plaintiff's claim against Lisa Pogue under the ADA in her individual capacity.[2]

---

[1]To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights.

[2]Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc).

The Court will issue process on plaintiff's Eighth Amendment claims against Dean Minor in his official capacity, as it appears that plaintiff has alleged an unofficial custom or policy claim with regard to protection of sex offenders, in addition to a failure to train claim.[3] Plaintiff's assertions against defendant Minor in his individual capacity, however, are subject to dismissal.

Last, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown Corrections Officers/Custody Staff MCC" to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the complaint is legally frivolous as to defendants "Unknown Corrections Officers/Custody Staff MCC," and they will be dismissed at this time.

Accordingly,

---

[3] Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising another defendant if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures actually caused plaintiff's injuries. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller,* 76 F.3d 1446, 1454 (8th Cir.1996); *Livers v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012). To the extent plaintiff is seeking injunctive relief asking MDOC to undertake a proper safety policy for sex offenders, the Court will issue process on these official capacity claims.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $34.31 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Lisa Pogue in her official capacity, Dr. Ruanne Stamps in her individual capacity, and Dean Minor in his official capacity. Lisa Pogue and Dean Minor, who are employed by the Missouri Department of Corrections, shall be served through the Court's waiver of service agreement with the Missouri Attorney General's Office. Dr. Ruanne Stamps is employed by Corizon, Inc., and she shall be served through the service agreement the Court maintains with Corizon, Inc.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Lisa Pogue, Dr. Ruanne Stamps and Dean Minor shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against Dr. Ruanne Stamps for deliberate indifference to his serious medical needs in her official capacity because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against Lisa Pogue under the ADA in her individual capacity because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against Dean Minor under the Eighth Amendment in his individual capacity because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against "Unknown Corrections Officers/Custody Staff MCC" because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of March, 2018.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE